IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v. § | CAUSE NO. 2:15-CR-00590-01 |
| § | |
| PERLA PULIDO, § | |
|     Defendant. § | |

### ORDER AND MEMORANDUM OPINION DENYING THE DEFENDANT'S MOTION TO SUPPRESS

Before the Court are Defendant Perla Pulido's Motion to Suppress (D.E. 10), Corrected Motion to Suppress (D.E. 12), and the Government's response (D.E.14). A grand jury returned an indictment charging the Defendant with one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (D.E. 6). On September 3, 2015, the Court held a hearing to take evidence and to hear argument on the Defendant's motion to suppress. Upon careful consideration of supporting and opposing memoranda, arguments, and testimony, as well as the evaluation of the credibility of the witness, the Court orally DENIED the Defendant's motion to suppress at the evidentiary hearing (D.E. 10 and D.E. 12). The Court now submits this Order and Memorandum Opinion in support of its findings and its ruling.

### I.    FINDINGS OF FACTS

On June 9, 2015, at approximately 2:00 P.M., a Dodge Avenger entered the primary lane for an immigration inspection at the permanent checkpoint in Sarita, Texas. U.S. Border Patrol Agent Blake Vogt conducted an immigration inspection

1

of the vehicle and its three occupants. Agent Vogt began his inspection by asking the female driver, later identified as the Defendant, if she was a United States citizen. The Defendant stated that she was a United States citizen. Agent Vogt proceeded to ask the front-seat passenger if he was a United States citizen. The front-seat passenger did not respond to the question. At this point in the inspection, Agent Vogt noticed a child in the back-seat of the vehicle; thereafter, Agent Vogt asked the Defendant questions regarding the child's parents and the child's citizenship. The Defendant said that she was the mother of the child and the child was an American citizen. Agent Vogt asked the Defendant about the intended destination, to which the Defendant stated she planned to take her child to Driscoll Hospital in Corpus Christi, Texas for a medical appointment. Agent Vogt asked for the time of the medical appointment and the treating physician's name. The Defendant stated that she did not have a scheduled appointment for the medical treatment and she did not know the physician's name.

Agent Vogt next asked the Defendant if the vehicle belonged to her. The Defendant replied that the vehicle belonged to a cousin, who lent the vehicle to the Defendant to take to the medical appointment. Agent Vogt then repeated the question regarding citizenship to the front-seat passenger. The front-seat passenger stated that he was a United States citizen. Agent Vogt asked the Defendant for permission to search the trunk of the vehicle. The Defendant gave permission to search the trunk of the vehicle. Agent Vogt observed an unattached speaker box missing electrical wiring in the trunk of vehicle.

After viewing the contents of the trunk, Agent Vogt asked the Defendant if the entire vehicle could be searched. The Defendant gave consent to search the entire vehicle. Agent Vogt referred the vehicle to the secondary inspection area. During the second inspection of the vehicle, U.S. Border Patrol Agent Art Valdez found eight bundles of cocaine underneath the back passenger seat. Border Patrol agents placed the Defendant under arrest, and read the Defendant her Miranda rights. Subsequently, the Defendant made multiple inculpatory statements. The Court found Agent Vogt's testimony consistent and reliable throughout direct and cross-examination.

At the evidentiary hearing, Agent Vogt testified that his checkpoint investigation took approximately one minute to conduct. Agent Vogt further testified that, based on his experience and training with the U.S. Department of Homeland Security, he found the Defendant and the passenger's behavior suspicious. The passenger did not respond to the initial question regarding citizenship and the Defendant did not articulate reasonable information regarding the medical appointment. Agent Vogt also discussed his knowledge of speakers used to store drugs and other contraband.

The Defendant did not offer any witnesses to controvert the Government's case. Instead, counsel argued that Agent Vogt's inquiries failed to trigger justification that the Defendant and the passenger were not to be believed. Counsel also argued that the Defendant did not give effective consent to search.

Counsel cross-examined Agent Vogt, suggesting that his suspicions of criminal activity were not genuinely held.

## II. <u>CONCLUSIONS OF LAW</u>

The issue before the Court is whether the Defendant was unlawfully detained in violation of the Fourth Amendment. The Defendant asserts two bases for her motion to suppress. First, the Defendant argues that that in light of the totality of the circumstances, Agent Vogt lacked reasonable suspicion to extend the investigatory checkpoint stop. Second, the Defendant argues that Agent Vogt lacked effective consent to search the vehicle. The Defendant argues that she could not give effective consent to any search because "she was stopped at a Border Patrol checkpoint swarming with armed, uniformed officers." (D.E. 12, p. 4). In reaching a determination on the issues, the Court finds that (1) the checkpoint stop did not violate the Defendant's Fourth Amendment rights; and (2) the Defendant gave effective consent to search both the trunk of the vehicle and the entire vehicle.

It is well established that "stops for brief questioning routinely conducted at permanent checkpoints are consistent with the Fourth Amendment and need not be authorized by a warrant." <u>United States v. Martinez–Fuerte</u>, 428 U.S. 543, 556–62 (1976). United States Border Patrol agents stationed at permanent checkpoint sites "may stop a vehicle, question its occupants regarding immigration and citizenship, and conduct a visual inspection of the vehicle without any individualized suspicion that the car or its occupants are involved in criminal activity." <u>United</u>

States v. Mendoza–Gonzalez, 318 F.3d 663, 666 (5th Cir. 2003). An agent may ask questions outside the scope of the checkpoint stop, so long as such questions do not extend the duration of the stop. United States v. Machuca–Barrera, 261 F.3d 425, 431 (5th Cir. 2001). Stops lasting "only a couple of minutes" fall within the permissible duration of an immigration checkpoint stop. Id. at 435. The length of the checkpoint stop, not the questions asked, determines the reasonableness of the stop. Id. at 432.

Border Patrol agents may "request consent to extend the detention." Id. at 433; United States v. Ross, 456 U.S. 798, 809 (1982). If the Border Patrol agent's routine questioning generates "reasonable suspicion of other criminal activity, the stop may be lengthened to accommodate its new justification." Id. at 434. Where no reasonable suspicion develops to warrant further investigation, it is unlawful to extend the immigration checkpoint stop. United States v. Portillo–Aguirre, 311 F.3d 647, 655 (5th Cir. 2002). United States v. Tedford articulates the following factors in determining whether a defendant effectively consented to a search under the Fourth Amendment:

> (1) the voluntariness of a defendant's custodial status; (2) the presence of coercive police procedure; (3) the extent and level of a defendant's cooperation with the police; (4) a defendant's awareness of his right to refuse consent; (5) a defendant's education and intelligence; and (6) a defendant's belief that no incriminating evidence will be found. All of these factors are relevant, but none of the six is dispositive.

875 F.2d 446, 451-452 (5th Cir. 1989) (citations omitted).  The Government bears the burden of proving by preponderance of the evidence that the Fourth Amendment has not been violated.  <u>United States v. Matlock</u>, 415 U.S. 164, 177–78 (1974); <u>United States v. Hurtado</u>, 905 F.2d 74, 75 (5th Cir. 1990).

The Court finds that the immigration checkpoint stop, which according to Agent Vogt's testimony took approximately one minute to conduct, fell within the permissible scope of permanent checkpoint stops.  Additionally, the Court finds that reasonable suspicion developed based on articulated observations by Agent Vogt during immigration checkpoint stop.  Agent Vogt testified that he doubted the Defendant's story based on the following factors: (1) the Defendant appeared nervous and became hesitant to answer questions; (2) the front-seat passenger did not respond to the first question regarding citizenship; (3) the Defendant failed to articulate reasonable details regarding the medical appointment; and (4) the speaker in the trunk of the car was missing electrical wiring.  As Agent Vogt gathered more information, his suspicions of drug trafficking heightened.  Agent Vogt testified that he asked the Defendant for permission to look inside of the trunk of the vehicle based on his suspicions of dishonesty from the Defendant and the passenger's responses to his immigration inquiry.

The Court also finds that the Defendant gave Agent Vogt effective consent to search the trunk of the vehicle and subsequently gave effective consent to search the entire vehicle.  The Defendant's argument that the checkpoint was "swarming with armed, uniform officers" is not supported by the evidence.  Agent

Vogt's testimony that two to three visible officers calmly inspect each vehicle as it arrives at the checkpoint dispelled the assertion the Border Patrol checkpoint in Sarita, Texas was so intimidating it nullified consent to search.  Agent Vogt testified that neither he nor Agent Valdez brandished their weapons and the Defendant offered no evidence of other coercive tactics.   Without proof of coercive law enforcement procedures, such as brandishing weapons or threats, the presence of law enforcement does not preclude voluntary consent.  Machuca–Barrera, 261 F.3d at 435.

### III.    CONCLUSION

Based on the foregoing reasons, the Court finds that no Fourth Amendment violations occurred.  The Defendant's motion to suppress (D.E. 10 and D.E. 12) is DENIED.

ORDERED this 28th day of September 2015.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE